IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-02135-SKC-STV

NEZA BHARUCHA;
ZARRIN HOSPITALITY GROUP, INC.; and
COMMUNITY ECONOMIC DEFENSE PROJECT,

Plaintiffs,

v.

CITY OF GREENWOOD VILLAGE;
DETECTIVE TOM FANTA, in his individual capacity;
CITY ATTORNEY TONYA HAAS DAVIDSON, in her individual capacity; and
CITY MANAGER JOHN JACKSON, in his individual capacity,

Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT TOM FANTA'S MOTION TO DISMISS [ECF 19]**

---

Plaintiffs Neza Bharucha, Zarrin Hospitality Group, Inc. ("ZHG"), and the Community Economic Defense Project ("CEDP"), by and through their attorneys David Lane and Madison Lips of KILLMER LANE LLP, hereby submit their Response to Defendant Tom Fanta's Motion to Dismiss and state as follows:

**Certification Regarding Use of Artificial Intelligence Pursuant to Judge Crews' Standing Order for Civil Cases § C (2)**

Undersigned counsel certifies that no portion of this Response was drafted by AI.

## I. INTRODUCTION

Defendant Tom Fanta is a Detective for the Greenwood Village Police Department, and he personally led the criminal investigation into Plaintiff Neza Bharucha that resulted in the filing of criminal charges against her under the city's "29-day ordinance." Complaint, [ECF 1] at ¶¶ 71-72. This ordinance prohibited hotel guests from staying longer than 29 days, subject to a few exceptions including where "there is a written contract between the hotel or motel and a governmental, charitable or insurance agency to house families in crisis who are receiving temporary housing assistance." *Id.* at ¶ 32. Although Plaintiffs ZHG and Bharucha contracted with charitable organizations to provide housing to people with disabilities subject to the ordinance exception, Fanta chose to follow Defendant Greenwood Village's discriminatory interpretation of that exception to exclude people with "mental health and/or addiction issues" and enthusiastically investigated and prosecuted ZHG and Ms. Bharucha. *Id.* at ¶ 66. In doing so, Defendant Fanta discriminated against Plaintiffs ZHG and Bharucha based on their association with people with disabilities.

Defendant Fanta's actions are clearly discriminatory for (at least) two reasons: he did not target any other hotels with enforcement, even though many violated the ordinance on a regular basis with no applicable exception; and he served Ms. Bharucha with a *criminal* summons despite the fact that the ordinance is under the *civil* land use code. *See id.* at ¶¶ 63, 71, 75-76. Both actions reveal Defendant Fanta's discriminatory intent to target and intimidate Plaintiffs and to deter their association with unhoused people with disabilities. In his Motion to

Dismiss, Defendant Fanta entirely fails to explain why Plaintiffs were the *sole* targets of enforcement under the ordinance, or why he hailed Ms. Bharucha into *criminal* court over a *civil* land use ordinance. Defendant Fanta's Motion to Dismiss should be denied.

## II. STANDARD OF REVIEW

To state a claim under Fed. R. Civ. P. 8(a), "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-91 (10th Cir. 2012) (citation omitted). Plausible does not mean likely to be true. *Robbins v. Okla ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Specific facts are not necessary to state a claim for relief; the plaintiff "need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Khalik*, 671 F.3d at 1191. Plaintiff is not required to set forth "a prima facie case for each element" of the claim to survive a motion to dismiss. *Sylvia v. Wisler,* 875 F.3d 1307, 1326 (10th Cir. 2017) (citation omitted).

In reviewing a motion to dismiss, the court must accept as true all the well-pleaded factual allegations in the Complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (citation omitted). The court then must

determine whether, viewing the allegations in the light most favorable to the plaintiff, the plaintiff has pleaded a plausible entitlement to relief. *Iqbal*, 556 U.S. at 679. "There is a strong presumption against dismissal for failure to state a claim." *Shell v. Am. Fam. Rights Ass'n*, 899 F.Supp.2d 1035, 1055 (D. Colo. 2012). When ruling on a motion under Fed. R. Civ. P. 12(b)(6), a court may not look beyond the contents of the complaint itself. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002). "[I]f matters outside of the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not a motion to dismiss." *Jackson v. Integra, Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991); *see also Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999).[1]

Alternatively, rather than converting the motion to dismiss into a motion for summary judgment, a district court has discretion to decide the motion under Rule 12(b)(6) without considering the attached materials. *See Prager*, 180 F.3d at 1188. Otherwise, a court reviewing a motion to dismiss may consider evidence attached to, or incorporated within, the motion without converting the motion into one for summary judgment only in three "quite limited" circumstances: (1) the document is attached to, or incorporated by reference into, the complaint; (2) the document constitutes a "matter[] of which [the] court may take judicial notice"; or (3) the

[1] If this Court were to consider Defendant's exhibit and necessarily convert this motion to a motion for summary judgment, Plaintiffs' response would require substantial discovery, including depositions, to which Plaintiffs would be entitled under Fed. R. Civ. P. 56(d).

"document[] [is] referred to in the complaint, …[is] central to the plaintiff's claim and the parties do not dispute the document's authenticity." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted).

## III. ARGUMENT

### A. <u>Defendant Fanta's exhibit should be disregarded when ruling on the Motion to Dismiss.</u>

As an initial matter, Defendant Fanta has sought to include his 34-page offense report as an exhibit that constitutes evidence outside the four corners of the Complaint. None of the three "quite limited" circumstances is present here justifying introduction of the defense exhibit. *Gee*, 627 F.3d at 1186. First, Plaintiffs' Complaint does not incorporate by reference the documents attached by Defendant, or Defendant's characterization of them. *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985) (holding that even "limited quotation [of a document in a complaint] does not constitute incorporation by reference."). The Complaint includes no quotation of the document that Defendant attached and only generally refers to it.

Second, the attachment does not constitute matters of which the Court may take judicial notice. The court may "take judicial notice of its own files and records, as well as facts which are a matter of public record," *id.* (citation omitted), and which are "not subject to reasonable dispute," *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). "Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day." *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). On the other hand, when a fact contained in a public record is subject to dispute, judicial notice is inappropriate

"because there is no way for an opposing party, prior to the issuance of the court's decision, to register his or her disagreement with the facts in the document of which the court was taking notice." *Passa*, 123 F. App'x at 697. Courts "do not accept the facts set forth in the public record as true." *Eden v. Voss*, 105 F. App'x 234, 239 (10th Cir. 2004). It is up to the factfinder to sift through the evidence that Defendant attached and determine its importance; it is not the province of the Court on a Rule 12(b)(6) motion.

Third, the document attached by Defendant is not "central" to the Complaint. *See, e.g., Gee*, 627 F.3d at 1186. Although the Tenth Circuit has not defined the term "central to the plaintiff's claim," other circuits which apply the same standard have made clear that the court may only consider a document attached to a motion to dismiss if the document is "integral to the complaint." *San Leandro Emer. Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808 (2d Cir. 1996) (citation omitted); *accord Brann v. Daddi*, No. 05-cv-00023-WYD-CBS, 2005 U.S. Dist. LEXIS 43373, at *8 n.3 (D. Colo. Aug. 22, 2005) (citing *id.*). A document is integral to the complaint when "the complaint relies heavily upon its terms and effect"; indeed, "a plaintiff's <u>reliance</u> on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted) (emphasis in original). Thus, a court may only "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The document attached by Defendant is not central to Plaintiffs' claims; it is merely some of the evidence of Defendant Fanta's discriminatory actions, which will need to be refuted by Plaintiffs, and then sifted and evaluated by the factfinder. Ultimately, as another court in this circuit thoughtfully explained, "[o]n a motion to dismiss, the court cannot compare the evidence that will govern the case at trial or even judge the motion by the summary judgment facts. The court cannot evaluate competing evidence to discern whether a genuine factual issue exists. Instead, the court must accept the facts pleaded by the non-moving party and draw any reasonable inferences in that party's favor." *McHenry v. City of Ottawa*, No. 16-2736-DDC-JPO, 2017 U.S. Dist. LEXIS 157369, at *11-12 (D. Kan. Sep. 26, 2017). This Court should not consider the extraneous evidence attached and referenced by Defendant Fanta.

### B. Plaintiffs have adequately pleaded that Defendant Fanta targeted Plaintiffs for their association with people with disabilities in violation of the Equal Protection Clause.

Plaintiffs have sufficiently pleaded both that (1) Defendant Fanta violated their constitutional rights, and (2) such rights, and the violations thereof, were clearly established at the time of the alleged conduct. *See Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015).

As a threshold matter, Defendant expresses doubts about the standing of Plaintiffs to raise an equal protection claim for disability discrimination. Legal standing for people who are discriminated against based on their association with a

minority group has long been established. *See Adickes v. Kress & Co.*, 398 U.S. 144, 151-152 (1970) (holding that a state may not punish a non-white for having social contracts with Black people). A Fourth Circuit case is particularly instructive on this issue – in *Scott v. Greenville City*, a real estate developer was discriminated against in the permitting process based on his attempt to house minority tenants. 716 F.2d 1409, 1414 (4th Cir. 1983). The Fourth Circuit found that Scott had standing to assert discrimination claims under § 1983 even though he was not part of any racial minority because "he was singled out for adverse treatment because defendants believed he was willing to contract with and otherwise associate with blacks and other minorities through the building of low-income housing." *Id.* at 1415-16. In the context of association with people with disabilities, the foundational Supreme Court case *City of Cleburne v. Cleburne Living Center* demonstrates this type of standing – the plaintiff, Cleburne Living Center, Inc., was a business that was discriminated against based on its association with people with disabilities. 473 U.S. 432, 435 (1985).

Here, Plaintiff Neza Bharucha, as alleged in the Complaint, was targeted by Defendant Fanta with criminal prosecution *because of* her association with people with disabilities. Ms. Bharucha directs the operation of ZHG, so ZHG was similarly harmed and intimidated by this targeted police action against its high-level employee. All three plaintiffs, including CEDP, face a threat of future similar police enforcement by Defendant Fanta and his agents, and therefore are eligible for injunctive relief under this claim. *See Complaint* ⁋ 110, 132-33, seeking damages

and injunctive relief for Plaintiffs Bharucha and ZHG and seeking injunctive relief *only* for Plaintiff CEDP based on future selective enforcement of the law. Plaintiffs therefore have standing to raise a claim under the Equal Protection Clause against Defendant Fanta.

**1. Defendant Fanta violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment.**

Defendant Fanta claims that, under the first prong of the qualified immunity analysis, there is no showing of a constitutional violation, and that rational basis review applies. While it is true that the Tenth Circuit held in *Marks v. Colo. Dep't of Corr.* that rational basis review applies to classifications based on disability, the court in that case cited *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) as the controlling precedent for that decision. *Marks v. Colo. Dep't of Corr.*, 976 F.3d 1087, 1099 (10th Cir. 2020). *City of Cleburne* has been interpreted by courts in the 10th Circuit, even after *Marks*, as suggesting a slightly higher level of scrutiny, sometimes called "rational basis with bite." *See Cleburne*, 473 U.S. at 460 n.4 (Marshall, J., concurring in part and dissenting in part)(noting that the "rational basis" review decisions upon which the majority relied were in fact "intermediate review decisions masquerading in rational-basis language."); *see also Hernandez v. Grisham*, 494 F. Supp. 3d 1044, 1143 n. 27 (D.N.M. 2020)(citing *Cleburne*)(also citing Michael E. Waterstone, <u>Disability Constitutional Law</u>, 63 Emory L.J. 527 (2014) and Kenji Yoshino, <u>The New Equal Protection</u>, 124 Harv. L. Rev. 747 (2011) (discussing courts' varying standards of review for classifications affecting sexual orientation or disability). Accordingly, Plaintiffs ask this Court to

apply "rational basis with bite" when assessing Defendant Fanta's actions under the Equal Protection Clause, and engage in a more "careful scrutiny" than the usual rational basis review that recognizes the "lengthy and tragic history of segregation and discrimination" against people with disabilities. *See Cleburne*, 473 U.S. at 459-61. (Marshall, J., concurring in part and dissenting in part) (internal citation omitted). But even under the usual rational basis review, "the State may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *Cleburne*, 473 U.S. at 447.

Defendant Fanta claims that only three paragraphs of the Complaint pertain to Plaintiffs' allegations against him, but in fact numerous paragraphs detail his selective criminal investigation and prosecution of ZHG and Ms. Bharucha (as compared to other hotels and motels that violate the statute without being subjected to criminal enforcement) and the impact that prosecution has had on Plaintiffs. *See* Complaint [ECF 1] at ¶¶ 63, 67-73, 75-84, 104, 107-113, 117-122, 130-133.

Plaintiffs assert that Defendant Fanta engaged in selective law enforcement. In order to prove a defendant violated equal protection by engaging in selective law enforcement, "the plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003) (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). "The discriminatory purpose need not be the only purpose, but it must be a motivating factor in the decision." *Id.*

(citing *Villanueva v. Carere*, 85 F.3d 481, 485 (10th Cir. 1996)). In typical cases lacking an "overtly discriminatory policy or of direct evidence of police motivation," statistical comparisons can be employed to compare treatment based on a particular classification. *Id.*

In this case, there *is* evidence of overt discrimination through Defendant Fanta's enthusiastic application of Greenwood Village's interpretation of the "families in crisis" exception as excluding people with "mental health and/or addiction issues." [ECF 1] at ⁋ 66. There is also comparative indirect evidence – the Motel (and its employees, including Ms. Bharucha) is the *only* hotel or motel that has been subject to the targeted enforcement that Defendant Fanta conducted, and is the only hotel or motel that is strongly associated with people with disabilities. As pled in the Complaint,

> other similarly situated hotels, including the Wingate Hotel, the Doubletree Hotel, La Quinta North Hotel, the Sheraton Hotel, the Hyatt Place Hotel, and the Springhill Suites Hotel, all allow guests to stay longer than 29 days in a 60-day period when the justification is a business purpose. These hotels, which do not have contracts with nonprofit and charitable organizations to serve people with disabilities, have not been subject to enforcement actions by Defendants despite the lack of any ordinance exception justifying their noncompliance.

[ECF 1] at ⁋ 122. These violations are known to the city: "In some instances, these hotels have received direct approval via phone from the city for the extended stay due to the guest's alleged business purposes, despite the lack of any relevant exception for extended business stays at non-extended stay hotels." *Id.* at ⁋ 63.

In his Motion to Dismiss, Defendant offers no rational explanation whatsoever for his selective law enforcement against Plaintiffs as compared to other

hotels – he merely states that he "was assigned an investigation regarding ongoing municipal violations of the 29-day municipal code…[he] concluded a number of individuals exceeded the 29-day stay. Here, there is a rational basis for the investigation regarding the municipal code violation." [ECF 19] at 11-12. Indeed, there is no conceivable explanation for this selective enforcement beyond unlawful discriminatory animus. *See Cleburne*, 473 U.S. at 447 ("some objectives, such as a bare desire to harm a politically unpopular group, are not legitimate state interests") (internal citations omitted). Defendant Fanta's zealous efforts to carry out Defendant Greenwood Village's discriminatory edict that the ordinance exception for "families in crisis" excludes people with "mental health and/or addiction issues" reveals his discriminatory intent, particularly considering that Plaintiffs had a good faith belief that they fell under the exception to the ordinance, while the other hotels and motels had no such claim. *See* [ECF 1] at ⁋ 66.

As additional evidence of the discriminatory intent of Defendant Fanta, the 29-day ordinance is not a *criminal* statute imposing criminal penalties but rather a *civil* land use ordinance with a civil fine as the maximum penalty. *Id.* at ⁋ 75. Despite this objective fact, Defendant Fanta served Ms. Bharucha with a *criminal* summons. *Id.* at ⁋ 71. Defendant Fanta had no legitimate reason to haul Ms. Bharucha into *criminal* court under a civil land use ordinance except to intimidate her and ZHG into ceasing their association with unhoused people with disabilities, and again, Defendant offers no explanation whatsoever for doing so in his Motion to Dismiss. Taking these facts and inferences in the light most favorable to the

Plaintiffs, as is required, Plaintiffs have stated a plausible claim that Defendant Fanta's "actions had a discriminatory effect and were motivated by a discriminatory purpose," *Marshall*, 345 F.3d at 1168, and that there was no rational basis for Fanta's selective enforcement of the ordinance.

**2. The constitutional violation under the Equal Protection Clause of the Fourteenth Amendment was clearly established.**

Defendant Fanta is not entitled to qualified immunity because Plaintiffs' right not to be subjected to equal protection violations in the manner they were here was "sufficiently clear that every reasonable official would have understood that what he [was] doing violate[d] that right." *Mullenix*, 577 U.S. 7, 11 (2015) (citation omitted). Fundamentally, courts "cannot find qualified immunity wherever [they have] a new fact pattern." *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). Instead, "[e]ven when no precedent involves facts materially similar to [the case at issue], the right can be clearly established if a precedent applies with obvious clarity." *Lowe v. Raemisch*, 864 F.3d 1205, 1210 (10th Cir. 2017) (citation omitted).

The fundamental premise of the Equal Protection Clause makes it obvious that Defendant Fanta's actions violated Plaintiffs' constitutional rights. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Cleburne*, 473 U.S. at 439 (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Selective law enforcement "violates this nation's constitutional values at the most

fundamental level; indeed, unequal application of criminal law to white and black persons was one of the central evils addressed by the framers of the Fourteenth Amendment." *Marshall*, 345 F.3d at 1167.

*City of Cleburne* clearly establishes the more specific premise that discriminatory application of a municipal ordinance based on disability, without a rational justification, is unlawful. In that case, the city denied a special use permit for the operation of a group home for people with mental disabilities under a municipal zoning ordinance. *Cleburne*, 473 U.S. at 435. As an initial matter, the plaintiff in *Cleburne* was the owner and operator of the group home (Cleburne Living Center) – thus, Defendant Fanta's claim that he was not on notice that non-disabled plaintiffs could raise claims of discrimination based on their association with people with disabilities ignores the basic facts of this bedrock case. The city's purported justification for denying the permit was based on "negative attitude[s] of the majority of property owners," fears of harassment by students, concern that the home was built on a "five hundred year flood plain," and concern over the number of occupants. *Id.* at 448-49. While each of these justifications were *reasons* to deny the permit, the U.S. Supreme Court found that those reasons did not pass rational basis review, holding that "[t]he short of it is that requiring the permit in this case appears to us to rest on an irrational prejudice against the mentally retarded," and found that the ordinance as applied to the plaintiffs violated equal protection. *Id.* at 450.

As in *Cleburne*, Defendant Fanta applied a municipal ordinance in an irrational and discriminatory way against Plaintiffs, on the basis of their association with people with disabilities. Defendant offers *no* explanation for the differential treatment, stating only that he was "investigating and applying municipal codes to a business within the City's jurisdiction." [ECF 19] at 14. So, too, were agents of the City of Cleburne in that case – and so, too, did their differential treatment based on association with disability constitute an equal protection violation. There is no rational justification for seeking Plaintiffs out as the *sole* targets of law enforcement action under the ordinance, despite frequent known violations by other hotels and motels under no exception to the ordinance. Only discrimination, in accordance with Defendant Greenwood Village's explicit exclusion of people with "mental health and/or addiction issues" from the ordinance exception, can explain that targeted enforcement, and why Defendant Fanta served Ms. Bharucha with a *criminal* summons under a *civil* land use municipal ordinance. *Cleburne* clearly establishes Defendant Fanta's actions as a constitutional violation.

## IV. CONCLUSION

Defendant Fanta's defense of qualified immunity fails on both prongs. For the reasons set forth above, Defendant Fanta's Motion to Dismiss must be denied.

Respectfully submitted this 14th day of November, 2024.

Killmer Lane, LLP

*s/ David A. Lane*

______________________________

David A. Lane

Thomas B. Kelley
Madison Lips
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
dlane@killmerlane.com
tkelley@killmerlane.com
mlips@killmerlane.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter H. Doherty
Lasater & Martin, P.C.
5251 DTC Parkway, Suite 800
Greenwood Village, CO 80111
Phone: 303-730-3900
peter@lasaterandmartin.com
*Counsel for Defendants*

Killmer Lane, LLP

*s/ Jamie Akard*

Jamie Akard