IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Case No. 1:24-cv-02135-SKC-STV

NEZA BHARUCHA et al.,

    Plaintiffs,

v.

CITY OF GREENWOOD VILLAGE et al.

    Defendants.

**ORDER GRANTING DEFENDANT TOM FANTA'S MOTION TO DISMISS**

In the City of Greenwood Village, Colorado, owners and operators of a local Motel 6 and its partners believe they have faced unlawful scrutiny from the City and its officials, including Defendant Tom Fanta, because of their association with unhoused disabled individuals. They allege that Tom Fanta, a detective with the Greenwood Village Police Department, targeted Plaintiffs with a discriminatory police investigation because of their association with people with disabilities. Dkt. 1, ¶¶12, 113.

The three Plaintiffs sue Det. Fanta in his individual capacity and in a single claim for relief alleging a violation of the Fourteenth Amendment Equal Protection Clause and brought under 42 U.S.C. § 1983. Plaintiffs allege Det. Fanta conducted

1

an unlawful criminal investigation into Plaintiff Neza Bharucha and the Motel 6, owned by Plaintiff Zarrin Hospitality Group (ZHG), because of their association with people with disabilities. *See Id.* at ¶¶113, 132, 133.

Detective Fanta filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming qualified immunity and arguing Plaintiffs lack standing to sue. Dkt. 19. Plaintiffs filed a response, and Det. Fanta filed a reply. Dkts. 26, 29. No hearing is necessary. Because the Court finds Plaintiffs lack standing to obtain injunctive relief on their single claim against Det. Fanta, and because the Court finds he is entitled to qualified immunity, the Court GRANTS the Motion.

## FACTUAL BACKGROUND[1]

Plaintiff ZHG is a Colorado corporation that operates a Motel 6 in Greenwood Village. Dkt. 1, ¶8. Plaintiff Neza Bharucha is a licensed Psychiatrist and the corporate secretary of ZHG. *Id.* at ¶9. Ms. Bharucha's responsibilities at Motel 6 include employee management, supervising day-to-day operations, and rate management. *Id.* Plaintiff Community Economic Defense Project (Community Project) is a nonprofit organization that provides "a fully-integrated response to economic hardship" and various services to unhoused people. *Id.* at ¶10. Community Project partnered with Motel 6 in February of 2024 to provide temporary housing to vulnerable people. *Id.* at ¶85.

---

[1] This factual background is based on allegations in the Complaint (Dkt. 1), which the Court takes as true for purposes of resolving the Motion.

2

In 2008, Neville Sarkari (Ms. Bharucha's father) purchased the Motel 6 and managed it through ZHG. *Id.* at ¶15. In June of 2014, the Greenwood Village City Council met to discuss an ordinance to limit the amount of time a guest could stay at a non-extended-stay hotel to 29 days in a 60-day period (the Ordinance). *Id.* at ¶27. The Ordinance went into effect in October of 2014. *Id.* at ¶31. The Ordinance has an exception—the families in crisis exception—to permit longer stays where "there is a written contract between the hotel or motel and a governmental, charitable or insurance agency to house families in crisis who are receiving temporary housing assistance from said governmental, charitable, or insurance agency." *Id.* at ¶32.

For a period after the Ordinance passed, Greenwood Village approved Motel 6's requests to house people for longer than the 29-day limit. *Id.* at ¶37. Then, on July 1, 2016, the Planning Manager for Greenwood Village informed Neville Sarkari that his guests did not qualify for an exception under the Ordinance for extended stays beyond 29 days. *Id.* at ¶39.

In 2017, Ms. Bharucha and her husband then took over ownership (through ZHG) and operation of the Motel 6. *Id.* at ¶41. In 2019, Ms. Bharucha partnered with the organization Colorado Coalition for the Homeless (CCH). *Id.* at ¶42. Through that partnership, CCH rented five rooms in Motel 6 on a long-term basis to provide housing for people in crisis. *Id.* at ¶43. Plaintiffs believe this partnership brought them under the "families in crisis" exception to the Ordinance. *Id.* at ¶44. Thereafter, Ms. Bharucha and Motel 6 maintained various similar partnerships with other

3

nonprofit organizations which they believed kept them under the "families in crisis" exception. *Id.* at ¶¶50, 57.

On August 16, 2022, ZHG was served with a Court Order to Produce Records pursuant to Colo. Rev. Stat. § 16-3-301.1, requiring it to produce information about rooms rented in Motel 6 by certain nonprofit organizations. *Id.* at ¶67. The order issued based on an affidavit of Det. Fanta and the requested records were intended to serve as evidence in a criminal prosecution of Ms. Bharucha. *Id.* On August 31, 2022, an organization that partnered with Motel 6 to provide housing moved its program participants out of Motel 6 (and Greenwood Village entirely) due to fear of harassment for their participants and fear of being subject to criminal investigations. *Id.* at ¶¶79, 80.

On May 18, 2023, Greenwood Village served Ms. Bharucha with a criminal summons for violating the 29-day Ordinance. *Id.* at ¶71. Det. Fanta had led the investigation into Ms. Bharucha and Motel 6. *Id.* at ¶72. In his offense report, Det. Fanta emphasized that treatment for addiction recovery and the provision of mental health services was not a use by right in Motel 6's zoning district. *Id.* The zoning district, however, permits medical and counseling offices as a use by right. *Id.*

The criminal charges against Ms. Bharucha were eventually dismissed, in part because the Ordinance is not a criminal statute. *Id.* at ¶76. Ms. Bharucha felt deeply intimidated by Greenwood Village and the Police Department's efforts to subject her to criminal prosecution. *Id.* at ¶77. Other similarly situated hotels/motels in

4

Greenwood Village have allowed stays longer than 29 days and have not been subject to enforcement actions by the City. *Id*. at ¶63. In some instances, those hotels/motels received express permission from the City for their extended-stay business guests. *Id*. Those hotels/motels are not subject to daily police patrols or other scrutiny. *Id*.

All Plaintiffs continue to work with homeless, disabled people. *Id*. at ¶10. Community Project has worked with Ms. Barucha and ZHG since 2024 to provide temporary emergency housing to vulnerable people, many with disabilities. *Id*. at ¶85. Plaintiff's theory of the case is that Det. Fanta "engaged in selective law enforcement" targeting Plaintiffs because of their association with people with disabilities. Dkt. 26, p.10. The Complaint alleges "Defendant Fanta's intentional discrimination against people with mental illness and/or addiction issues was the driving force behind his extensive criminal investigation of a potential violation of a land use ordinance." Dkt. 1, ¶72. And further, "Defendant Fanta criminally prosecuted Ms. Bharucha under the false and discriminatory pretense that permitting counseling for people with mental illness and/or addiction issues on Motel property was prohibited by the zoning code." *Id*. at ¶113.

According to the Complaint, "Defendant Fanta knew or should have known that a land use ordinance is not a criminal law, and that therefore he had no legal authorization to pursue a criminal investigation against Ms. Bharucha." *Id*. As a result, he discriminated against Ms. Bharucha and ZHG "because of their association with people with disabilities." *Id*. at ¶109; *see also id*. at ¶117.

5

## APPLICABLE LEGAL PRINCIPLES

### 1.  Standing

"Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "First, the plaintiff must have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent . . . .'" *Id.* (internal citation omitted). "Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* (internal citation omitted). "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (internal citation omitted).

### 2.  Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up). The standard is a liberal one, however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

### 3. Qualified Immunity

Qualified immunity shields individual defendants in § 1983 actions unless their conduct was unreasonable based on clearly established law. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[W]hen a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Id.* (quotation omitted). The Court has discretion to consider these prongs in any order. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011). Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). As to the first prong, "[i]f no constitutional right would have been violated were the allegations established," the inquiry ends. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong – whether the right was clearly

7

established – must be considered "in light of the specific context of the case, not as a broad general proposition." *Id.*

"The procedural posture of the qualified-immunity inquiry may [also] be critical." *Thompson v. Ragland*, 23 F.4th 1252, 1256 (10th Cir. 2022). Because the qualified immunity analysis is a "fact-bound inquiry[,]" asserting the defense "via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)). On a motion to dismiss, it is the defendant's conduct as alleged in the complaint that is considered for its constitutionality. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

## ANALYSES[2]

### 1. Plaintiffs Lack Standing To Pursue Injunctive Relief Against Det. Fanta

Detective Fanta challenges Plaintiffs' standing to pursue their equal protection claim against him. While his standing argument is underdeveloped, standing is jurisdictional and the Court is required to police its own jurisdiction. *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 813 n.5 (10th Cir. 2021) (standing is a matter the court must consider *sua sponte*).

---

[2] The Court declines to consider the offense report Det. Fanta attached as an exhibit to the Motion. While the report is mentioned in the Complaint, it is not clear the report itself is central to Plaintiffs' claims or that its authenticity is undisputed. Nor may the Court take judicial notice of it.

8

The problem for Plaintiffs and their standing is twofold. First, the Complaint seeks injunctive relief for past harms, *i.e.*, the completed investigation and dismissed prosecution of Ms. Bharucha. *See, e.g.,* Dkt. 1, ¶113 ("Defendant Fanta criminally prosecuted Ms. Bharucha . . . ."); ¶133 ("All Plaintiffs . . . are entitled to declaratory and injunctive relief as may be allowed to remedy the harm they have suffered . . . ."). Injunctive relief is not appropriate to remedy harms that have already occurred. *See Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."). In this way, Plaintiffs fail to demonstrate an injury in fact for purposes of the injunctive relief they seek against Det. Fanta.

Second, the Complaint also seeks injunctive relief "based on future selective enforcement of the law." Dkt. 26, p.9 (citing Dkt 1., ¶¶110, 132-33). But the alleged harm of future misconduct by law enforcement is too speculative to confer standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (plaintiff lacked standing to seek injunctive relief against a policy that permitted police to use chokeholds because there was no real or imminent threat the harm would reoccur); *see also Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing . . . ."). To be sure, the Complaint alleges no facts to suggest Det. Fanta's investigation or criminal

9

prosecution of any Plaintiffs is ongoing. For these reasons, Plaintiffs lack standing to pursue injunctive relief against Det. Fanta.[3]

### 2. Det. Fanta is Entitled to Qualified Immunity

Ms. Bharucha and ZHG seek damages against Det. Fanta personally on their equal protection claim. He in turn claims qualified immunity. As the Court understands it, Plaintiffs claim a constitutional right to be free from selective law enforcement based on their association with people with disabilities. Dkt. 26, pp.10-11, 13-15; Dkt. 1, ¶¶108-09, 113, 118, 122. The Court finds that even assuming Det. Fanta's conduct against Ms. Bharucha and ZHG violated their constitutional rights as asserted by Plaintiffs, those rights were not clearly established at the time of Det. Fanta's conduct. *See Estate of Booker*, 745 F.3d at 411.

Plaintiffs rely on a single authority, *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432 (1985), in support of their argument that the constitutional right violated here was clearly established. But the Court finds otherwise for at least two reasons. First, the issue in *City of Cleburne* was whether the city, acting pursuant to a city zoning ordinance, unlawfully denied a special use permit for a proposed group

---

[3] Community Project, who seeks no damages but only injunctive relief against Det. Fanta, further lacks standing because it has not alleged an injury fairly traceable to Det. Fanta's conduct. The Complaint does not allege Det. Fanta conducted any investigation or criminal prosecution of Community Project. Indeed, the Complaint alleges Community Project's partnership with ZHG and Ms. Bharucha arose *after* Det. Fanta's investigation was already complete. Dkt. 1, ¶¶ 71, 72, 85.

home for the "mentally retarded" in violation of the equal protection clause. *Id.* at 435. The case did not involve the issue of selective law enforcement.[4]

Second, the holding in *City of Cleburne* is a narrow one applying to a class of individuals identified as the "mentally retarded." *See City of Cleburne*, 473 U.S. at 446 ("Our refusal to recognize the retarded as a quasi-suspect class does not leave them entirely unprotected from invidious discrimination. To withstand equal protection review, legislation that distinguishes between the mentally retarded and others must be rationally related to a legitimate governmental purpose."). Plaintiffs, on the other hand, identify a potentially broader class, *i.e.*, non-disabled individuals or entities who associate with people with disabilities. Dkt. 26, p.14 (". . . Defendant Fanta's claim that he was not on notice that non-disabled plaintiffs could raise claims of discrimination based on their association with people with disabilities ignores the basic facts of this bedrock case [citing *City of Cleburne*].").

An official's conduct "violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing is violating that

---

[4] Plaintiffs cite one case, *Marshall v. Colombia Lea Reg'l Hospital*, 345 F.3d 1157 (10th Cir. 2003), to describe selective law enforcement as it applies to their claims against Det. Fanta. Dkt. 26, pp.10, 12-13, 13-14. But *Marshall* addresses racially selective law enforcement. *Marshall*, 345 F.3d at 1167 ("Racially selective law enforcement violates this nation's constitutional values at the most fundamental level." (emphasis added)). Plaintiffs have not directed this Court to any case applying the paradigm of selective law enforcement to people or entities who *associate with* individuals with disabilities as violative of the equal protection clause.

11

right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (cleaned up). To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citation omitted). "To show that the law is clearly established, a plaintiff must normally point to a 'Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts.'" *Jordan v. Jenkins*, 73 F.4th 1162, 1168 (10th Cir. 2023), *cert. denied sub nom. Donnellon v. Jordan*, 144 S. Ct. 1343 (2024) (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007)).

Considering these legal principles, Plaintiffs have failed to show the right claimed here was clearly established. Plaintiffs rely on a single case (*City of Cleburne*) that involved a zoning decision, a class of persons with only intellectual disabilities, and did not involve action by law enforcement, selective or otherwise. And while Det. Fanta's criminal investigation based on a civil zoning ordinance is eyebrow-raising, the Court does not find his conduct so obviously egregious to place the constitutionality of his conduct beyond debate. For these reasons, Det. Fanta is entitled to qualified immunity.

\* \* \*

For the reasons shared above, the Motion is GRANTED. The Clerk of Court is FURTHER ORDERED to terminate Defendant Fanta from this case.

DATED: August 22, 2025

BY THE COURT:

_____
S. Kato Crews
United States District Judge

13