IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-02135-SKC-STV

NEZA BHARUCHA;
ZARRIN HOSPITALITY GROUP, INC.; and
COMMUNITY ECONOMIC DEFENSE PROJECT,

Plaintiffs,

v.

CITY OF GREENWOOD VILLAGE;
CITY ATTORNEY TONYA HAAS DAVIDSON, in her individual capacity; and
CITY MANAGER JOHN JACKSON, in his individual capacity,

Defendants.

---

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Plaintiffs, by and through undersigned counsel, respectfully request leave to file their Second Amended Complaint, and state in support the following:

**Certification Regarding Use of Artificial Intelligence Pursuant to Judge Crews' Standing Order for Civil Cases § C (2)**

Undersigned counsel certifies that no portion of this Motion was drafted by AI.

**Certification of Conferral**

In accordance with D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that she conferred with Peter Doherty counsel for Defendants, who has advised that his clients oppose this motion to amend the complaint.

## I. INTRODUCTION

Plaintiffs seek leave to amend the currently operative First Amended Complaint to add claims by Plaintiff Neza Bharucha against Defendant Tonya Haas Davidson, previously dismissed Defendant Detective Tom Fanta, and Greenwood Village Assistant City Attorney Shannon Chambers-Nelson for malicious prosecution, a Fourth Amendment violation brought under 42 U.S.C. section 1983 (and a violation of the Colorado Constitution brought against Detective Fanta under C.R.S. section 13-21-131). Plaintiff Neza Bharucha was subjected to a *criminal* prosecution under Greenwood Village municipal code § 16-17-90, which is a land use ordinance for which no criminal punishment is authorized. There was thus no probable cause that a *crime* had been committed to justify the prosecution.

The addition of these claims at this stage of litigation is prompted by Defendant Davidson's deposition testimony on December 2, 2025[1], in which she revealed for the first time that (1) Detective Fanta and the Greenwood Village police department knowingly pursued an unauthorized criminal investigation under a civil land use ordinance solely because the forms on their computer default to "criminal," and (2) Defendant Davidson testified that she and Ms. Chambers-Nelson *knew* that the ordinance was not a criminal ordinance, and yet the City Attorney's office filed briefing with the Municipal and Arapahoe District Courts asserting that it was. These revelations in deposition testimony reveal the malicious mental state required to prove a malicious prosecution claim, which was not previously known to

[1] Plaintiffs' counsel received the transcript for this deposition on December 12, 2025.

Plaintiffs, and which now justifies amendment. Plaintiffs tender the Second Amended Complaint attached without interlineations as **Exhibit 1**, and in redline form as **Exhibit 2**.

## II. PROCEDURAL HISTORY

The original Complaint in this case was filed on August 1, 2024. *See generally* [Doc. 1]. Defendant Tom Fanta filed a motion to dismiss the sole claim against him, which was a claim of violation of the Equal Protection Clause of the 14th Amendment. This motion to dismiss was granted. [Doc. 46]. No other motions to dismiss were filed. The parties have exchanged substantial written discovery, and Plaintiffs produced their Expert Disclosures on June 11, 2025. On August 6, 2025, the parties engaged in a full day mediation with former Magistrate Judge Michael Hegarty. The parties were unable to resolve the case at that mediation. On October 14, 2025, Plaintiffs moved to amend the Complaint to add a claim under C.R.S. § 38-1-101(3)(a), and that motion was unopposed and granted by the Court on October 14, 2025. [Doc. 51]. Depositions were rescheduled, and Defendant Davidson's deposition on December 2, 2025 was the first to be taken in this case. Plaintiffs now seek to amend their First Amended Complaint to add additional malicious prosecution claims as more thoroughly explained below and as shown in the proposed Second Amended Complaint.

## III. STANDARD OF REVIEW

After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P.

16(b)(4) and (2) satisfaction of the Rule 15(a) standard. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Federal Rule of Civil Procedure 15(a) provides that courts shall "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see also Pennterra Energy Partners, LLC v. McMahon Energy Partners, LP*, No. 13-cv-00261-WYD-MEH, 2013 U.S. Dist. LEXIS 89899, at *3 (D. Colo. June 25, 2013). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). "The underlying purpose of Fed. R. Civ. P. 15(a) is, of course, to facilitate a decision on the merits." *Polhemus v. Great-West Life & Annuity Ins. Co.*, No. 09-cv-00093-MSK-KMT, 2009 U.S. Dist. LEXIS 102714, at *12 (D. Colo. Oct. 16, 2009).

Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and requires only that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party. Pursuant to Rule 15(c)(1), relation back is dependent upon four factors: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should

have known, that but for the mistake concerning identity, the action would have been brought against it; and (4) the second and third requirement must have been fulfilled within the prescribed limitation." *See Brown v. Uniroyal. Inc.*, 108 F.3d 1306, 1307 (10th Cir. 1997) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). "[Rule 15(c)(1)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S.P.A*, 560 U.S. 538, 540 (2010).

## IV.LEAVE TO AMEND SHOULD BE GRANTED

A court may modify the scheduling order under Rule 16(b) if the deadline cannot be met despite the diligence of the party seeking the extension. *Pumpco*, 204 F.R.D. at 668. Rule 16(b)'s good cause requirement is satisfied if a plaintiff learns new information through discovery or if the underlying law has changed. *Gorsuch, Ltd., B.C*, 771 F.3d at 1240. Good cause exists where a party "first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order," and thereafter moves diligently in seeking the amendment. *Pumpco*, 204 F.R.D. at 668-69. Given critical new information that was revealed at Defendant Davidson's deposition, justice requires granting Plaintiffs' Motion to Amend.

1. **Plaintiffs have good cause to add federal and state malicious prosecution claims against Detective Tom Fanta.**

Greenwood Village issued a subpoena in the form of a Court Order for the Production of Records pursuant to C.R.S. section 16-3-301.1 to Ms. Bharucha and the Motel, seeking to obtain records from Plaintiff Bharucha in an effort to prove

that she was violating the 29-day stay ordinance, barring any motel guest from staying longer than 29 days. Plaintiff Bharucha sought to quash the subpoena as the charges against her were civil in nature, not criminal, and subpoenas under C.R.S. section 16-3-301.1 apply only to criminal cases. The motion to quash was denied by the Municipal Court, and on appeal it was granted by the District Court. At her deposition, Defendant Davidson revealed for the first time that the Court Order for the Production of Records pursuant to C.R.S. section 16-3-301.1, which sought documents and information to aid in a *criminal* investigation of Plaintiff Neza Bharucha, was an effort initially driven solely by the Greenwood Village Police Department and *not* the City Attorney's office. *See* **Exhibit 3**, Davidson Deposition Transcript Excerpt, 75:25-76:4 ("Q: Okay. Well, how did this case come to your attention? A: Long after the subpoenas had been issued and probably at the time that the offense report – or the charges were being determined."); *see also* **Exhibit 4**, Court Order for Production of Documents (referring to an affidavit filed by Tom Fanta and directing the documents to be produced to Tom Fanta). This information reveals that Detective Tom Fanta was not operating at the direction of the City Attorneys in pursuing a *criminal* investigation under a *civil* land use ordinance, but rather was acting upon his own unlawfully malicious intent giving rise to a malicious prosecution claim.

This is the element of a malicious prosecution claim that Plaintiffs did not (and could not) previously know – while Plaintiffs have always known that Detective Fanta did not have probable cause that a *crime* had occurred, Defendant

Davidson revealed that he was not merely acting on unlawful orders from the City's legal team or that he accidentally filed the matter as a criminal case, but he was instead knowingly filing false documents with the Municipal Court alleging criminal charges when he knew that the action was civil in nature. *See Sanchez v. Hartley*, 810 F.3d 750, 754 n.1 (10th Cir. 2016) ("Under our cases, a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."). This surprising revelation provides the foundation for a finding of malice by Detective Fanta.

Defendant Davidson revealed another critical and previously unknown fact that establishes Detective Fanta's malice. According to Davidson, "[the Greenwood Village Police Department Custody Report] says criminal charge because we only have one form in the PD because they don't typically write zoning violations…So this just auto-populates." **Exhibit 3**, 70:23-71:3; *see also* **Exhibit 5**, Greenwood Village Police Department Custody Report. Davidson went on to acknowledge that the form also includes a box marked "F" for felony, "M" for misdemeanor, and "O" for other, and admitted that Detective Fanta had marked the box for "misdemeanor" rather than "other." **Exhibit 3**, 71:18-72:13. This demonstrates that not only did Detective Fanta knowingly capitalize on the default designation of "criminal" on the police department's report forms in order to fraudulently convince

a municipal judge to order production of records to aid in a false *criminal* investigation, but also intentionally and fraudulently marked the document as a misdemeanor when he could have marked "other." These revelations of Detective Fanta's malicious mental state could not have been known to Plaintiffs prior to Defendant Davidson's deposition, and provide compelling new information to support a claim of malicious prosecution.

That Plaintiff became aware of the facts that have led to the amendment of the Complaint after the deadline demonstrates good cause to amend. *See, e.g., Lewis v. Denver Fire Dep't*, 09-cv-00004, 2010 U.S. Dist. LEXIS 102659 at *7-8 (D. Colo. Sept. 28, 2010) (good cause shown to amend complaint after the scheduling order's deadline where plaintiff first learned of new information through depositions); *Pumpco*, 204 F.R.D. at 668-69 ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."). The claims against Defendant Fanta relate back to the original pleading because the claims arise out of the conduct set forth in the original pleading, Defendant Fanta had notice of the original action as a defendant in that original action, Defendant Fanta knew or should have known the facts that Plaintiffs learned in Defendant Davidson's deposition giving rise to a claim of malicious prosecution, and the second and third prongs of the test were met within the prescribed limitations period. *See Brown*, 108 F.3d at 1307.

**2. Plaintiffs have good cause to add a federal malicious prosecution claim against Defendant Davidson.**

Plaintiffs learned in Defendant Davidson's deposition that Davidson *knew* that Greenwood Village municipal code § 16-17-90 is not a criminal statute (**Exhibit 3** at 71:8-9), *knew* that charging a person with a criminal charge could cause emotional distress and anxiety (**Exhibit 3** at 73:13-25), and *knew* that her subordinate Assistant City Attorney Shannon Chambers was proceeding with a "criminal prosecution" under the land use ordinance (**Exhibit 3** at 77:21-78:3). Defendant Davidson also revealed her subjective knowledge that the summons document issued by the Greenwood Village Police Department "auto-populates" as a "criminal" charge, and that she understood that a person receiving a document informing that person of criminal charges against them would believe there are indeed criminal charges against them. **Exhibit 3**, 70:23-71:3; 73:8-12. These new revelations about Defendant Davidson's subjective knowledge of the actions of her subordinate, the actions of the police department, and the effect those actions would have on Ms. Bharucha all establish the mental state of "malice" for purposes of a malicious prosecution claim.

Prior to Defendant Davidson's deposition, Plaintiffs had no way to know that Defendant Davidson *knew* of all these specific details and yet allowed the unlawful prosecution of Ms. Bharucha to proceed anyway. The discovery of these facts inside Defendant Davidson's mind, which Plaintiffs could not know until taking her deposition, constitute good cause to justify amendment of the Complaint at this stage. *See Lewis*, 2010 U.S. Dist. LEXIS 102659 at *7-8; *Pumpco*, 204 F.R.D. at 668-69. This additional claim against Defendant Davidson relates back to the original

pleading because the claim arises out of the conduct set forth in the original pleading, which is the only requirement under Rule 15(c)(1)(B).

3. **Plaintiffs have good cause to add a federal malicious prosecution claim against Assistant City Attorney Shannon Chambers-Nelson.**

Defendant Davidson's deposition testimony also revealed that Assistant City Attorney Shannon Chambers-Nelson was primarily responsible in the City Attorney's office for the decision to pursue a criminal charge under a civil land-use ordinance. Although Defendant Davidson confirmed that Ms. Chambers-Nelson ultimately works under Defendant Davidson's authority as City Attorney, she revealed in her deposition that Ms. Chambers-Nelson "has autonomy over all things municipal court." **Exhibit 3** at 78:1-3; 79:20-23. She further revealed that although Defendant Davidson and Ms. Chambers-Nelson "talked about" fighting Plaintiffs' motion to quash the Court Order for the Production of Records under C.R.S. section 16-3-301.1, Defendant Davidson apparently "didn't tell her not to – what to do." **Exhibit 3** at 79:25-80:1. Thus, Plaintiffs learned that Ms. Chambers-Nelson was not merely following the orders of the City Attorney, but that she was operating from her own malicious intent to pursue an unlawful prosecution against Ms. Bharucha. This, too, was unknown and unknowable to Plaintiffs before Defendant Davidson's deposition, and therefore there is good cause for an amendment to add a malicious prosecution claim against Ms. Chambers-Nelson in this case.

The claim against Ms. Chambers-Nelson relates back to the original pleading because the claim arises out of the conduct set forth in the original pleading, Ms. Chambers-Nelson had notice of the original action because she works in the City

Attorney's office with Defendant Davidson and is necessarily aware of legal actions against the City of Greenwood Village (and indeed Ms. Chambers-Nelson attended Defendant Davidson's deposition as an observer – *see* **Exhibit 3** at p. 2), Ms. Chambers-Nelson knew or should have known the facts that Plaintiffs learned in Defendant Davidson's deposition giving rise to a claim of malicious prosecution, and the second and third prongs of the test were met within the prescribed limitations period. *See Brown*, 108 F.3d at 1307.

4. **Plaintiffs have exercised diligence in moving to amend, and have not engaged in undue delay.**

Plaintiffs are filing this motion as soon as practically possible after Defendant Davidson's deposition, which is when this information first became known to Plaintiffs. Plaintiffs, in good faith, are now diligently moving to amend the First Amended Complaint. Undue delay, bad faith, or dilatory motive are, therefore, not grounds for denial of Plaintiffs' motion.

5. **Defendants will not suffer unfair prejudice as a result of this amendment.**

"Prejudice in this context 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Qdoba Rest. Corp. v. Taylors, LLC*, No. 08-cv-01179-MSK-KLM, 2008 U.S. Dist. LEXIS 82849, at *8 (D. Colo. Sept. 25, 2008) (quoting *Taliaferro v. Kansas City, Kan.*, 128 F.R.D. 675, 678 (D. Kan. 1989)). Defendants here, as the parties opposing the amendment, bear the burden of proving prejudice. *Taliaferro*, 128 F.R.D. at 678. In this case, only one deposition has occurred, and Ms.

Chambers-Nelson observed that deposition. Counsel for Defendant Davidson is the same counsel that represented Defendant Fanta when he was previously a defendant in the case, and therefore Fanta will suffer no gap in legal representation. Furthermore, Plaintiffs pleaded the underlying facts of a malicious prosecution claim in the original Complaint, but did not know the facts to support a malicious mental state for each of the defendants. Defendants, however, did know those facts. Therefore, there is no part of the Plaintiffs new claims that is a surprise to Defendants.

Finally, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Plaintiffs wish to amend their Complaint to include additional meritorious claims against Defendants Davidson and Fanta, and now Ms. Chambers-Nelson. Plaintiffs ask that this Court not foreclose relief against Defendants Davidson, Fanta, and Chambers-Nelson without allowing Plaintiffs to present evidence of these Defendants' liability for Plaintiffs' injuries.

## V. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court grant the motion to amend and accept the proposed Second Amended Complaint, attached as **Exhibit 1**, for filing.

Respectfully submitted this 23rd day of December 2025.

Killmer Lane, LLP

*s/ David A. Lane*

---

David A. Lane
Thomas B. Kelley
Madison Schaefer
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
dlane@killmerlane.com
tkelley@killmerlane.com
mschaefer@killmerlane.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23rd, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter H. Doherty
Lasater & Martin, P.C.
5251 DTC Parkway, Suite 800
Greenwood Village, CO 80111
Phone: 303-730-3900
peter@lasaterandmartin.com

*Counsel for Defendants*

Killmer Lane, LLP

*s/ Jamie Akard*

Jamie Akard